# West End Trust Company, Executor, Appellant, v. The Fidelity Mutual Life Insurance Company.

*Insurance—Life insurance—Policies—Rescission—Abandonment —Recovery of assessment.*

In an action against an insurance company to recover dues and premiums paid upon a policy of life insurance, where the undisputed evidence in the case showed that the decedent had not acted in good faith and with reasonable promptness in rescinding the policy, the court properly directed a verdict for the defendant, where it appeared that the company, acting on the assumption that the decedent had abandoned his membership, distributed his interest in the contingent fund of the company among the other members thereof.

Argued March 28, 1916. Appeal, No. 177, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., March T., 1910, No. 2218, on verdict for defendant, in case of West End Trust Company, executor of Henry A. Borell, deceased, v. The Fidelity Mutual Life Insurance Company. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Assumpsit to recover dues and assessments paid by the holder of an insurance policy to the company. Before Carr, J.

It was claimed that the insured had rescinded his contract of insurance. In directing a verdict in favor of the defendant, the trial judge held that under the undisputed evidence in the case, the decedent had not acted in good faith and with reasonable promptness in rescinding.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and instructions to the jury.

*Rudolph M. Schick,* for appellant.

*Ira Jewell Williams,* with him *Marshall S. Winpenny* and *George H. Wilson,* for appellee.

PER CURIAM, May 15, 1916:

This judgment is affirmed because, as the learned court below correctly held in its opinion discharging the rule for a new trial, "It was the decedent's duty if he desired to rescind to act in good faith and with reasonable promptness and February 8, 1910, was too late. Meantime, two other assessments had been levied and paid and at the end of the year on the assumption that Borell had abandoned his membership, his interest in the contingent fund which he had lost by discontinuing was distributed among the other members."

Judgment affirmed.